Mr. Chief Justice Si-iarkey
delivered the opinion of the court.
Dorsey brought this suit in the circuit court on a promissory note made by the plaintiffs in error,, payable to one Ellison or bearer, and recovered judgment, which the plaintiffs now seek to reverse.
The first ground relied on for a reversal, is that the court erred in refusing to dismiss the cause for want of security for costs. If this were even good cause for reversing the judgment, there is a very conclusive answer to it in the present instance, *13 which is, that for anything that appears on the record, the security may have been given. It does not appear that any motion was made to dismiss for want of security for costs, or that such security was not given as required by the rule.
The second ground is that the court erred in sustaining a demurrer to defendants’ second plea. It is a plea of set-off, in which it is averred that Ellison, the payee, indorsed the note in blank to one Wilkinson, who thereby became the owner, and that Wilkinson was at the time indebted to Myers, one of the defendants in the court below, on a promissory note for a larger amount than the note sued on, and had agreed with and promised Myers that the amount of the debts should be set off. There is no such plea given by our law as set-off, and the demurrer was therefore properly sustained.
• But the .defendants had also filed the plea of payment, and offered to prove under it that Ellison had indorsed the note to Wilkinson, who transferred it to Dorsey without indorsement; that at the time Wilkinson was holder of the note sued on he was indebted to Myers by note for a larger amount, and that he had promised that Myers should be allowed to credit the amount of the note sued on, upon the note of Wilkinson, held by Myers. The note of Wilkinson was also offered in evidence, but the defendants were not permitted to(make this proof. If the note of Wilkinson to Myers alone was a good set-off against the note of Bullard & Myers, the testimony should have been admitted.
By the settled construction of the acts of 2 Geo. II. and 8 Geo. II., the debts must be between the same parties to constitute a good set-off; they must be in the same right, although they need not be of the same dignity. In an action by two persons, the defendant cannot set-off a debt due him by one of them. Chitty on Contracts, 328. The American decisions under the several statutes of set-off, are generally in accordance with the English decisions. Walker v. Lughton & James, 11 Mass. Rep. 140; Ritchie & Wales v. Moore, 5 Munford, 388; Wheeler v. Raymond, 5 Cowen, 231; Wolf v. Washburn, 6 Cowen, 261; 5 Cranch, 34; 4 Randolph, 359.
The language of the act of Geo. II. is that mutual debts may *14 be set off, and if the debt is not between the same parties, it is said to lack mutuality. Our statute is that “If two or more dealing together, be indebted to each other upon bonds, bills, &c.” the debts may be set off. - This language would seem to require the same mutuality of indebtedness that the English statute does. The parties must be dealing together, that is, there must be mutual dealings. The dealings are not mutual unless they are between the same parties, and if not, there is no dealing between them. A note or debt due from A to B, does not constitute a dealing between A and C. Under a different interpretation our statute would seem to lead to difficulties. If 4he set-off be greater than the plaintiff’s demand, he is'entitled to a certificate,and judgment in his favor. If there be two defendants and the set-off is due to one of them only, does he obtain the judgment, or must it be rendered in his favor jointly with his co-defendant1? The court could not, I apprehend, sever them, and thus the plaintiff in the action would become judgment-debtor to a man with whom he had never contracted. On our construction of the statute the note due to Myers alone was not a good set-off against the joint note of Bullard & Myers, and the court correctly ruled out the evidence.
Judgment affirmed.